UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:22-CR-00148-DCR-EBA-1

UNITED STATES OF AMERICA,                                                        PLAINTIFF,

V.                  **REPORT AND RECOMMENDATION**

LESLIE MARIE EDWARDS,                                                   DEFENDANT.

*** *** *** ***

On December 15, 2022, Leslie Marie Edwards was indicted on one count of assaulting an officer or employee of the United States while using a dangerous weapon in violation of 18 U.S.C. §§ 111(a) and (b). [R. 1]. On defense counsel's motion, the Court ordered that Edwards submit to an examination to determine her ability to understand the nature of the proceedings against her and to assist in her defense. [R. 18 & 22].

Following an examination and upon receipt of a competency report completed by Drs. Lauren Schumacher and Jessica M. Seaton, Edwards came before the undersigned for a competency hearing on May 4, 2023. During the hearing, the parties stipulated to the credentials of Drs. Schumacher and Seaton, as well as the accuracy, findings, and opinions in the competency report. [R. 26]. Neither party presented testimony. Following the hearing, the Court was provided copies of Drs. Schumacher and Seaton's CVs, and the Court independently finds that they are qualified to make factual findings, render opinions, and provide recommendations as to the issue of Edwards' competency.

The consequences of being mentally incompetent are reflected in the statutory authority under 18 U.S.C. § 4241(d), which requires that if reasonable cause exists to believe that a defendant

is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[,]" the Court should order a hearing to determine the defendant's competency. 18 U.S.C. § 4241(a). If the Court determines the defendant is incompetent, it shall commit the defendant to the custody of the Attorney General for treatment for a period not to exceed four months. 18 U.S.C. § 4241(d).

Accordingly, this Court must now make a determination of Edwards' mental competency to stand trial by a preponderance of the evidence. 18 U.S.C. § 4241(d).[1] In doing so, the Court is cognizant that "a criminal defendant is incompetent if she lacks 'sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding' or if she does not have a 'rational as well as factual understanding of the proceedings against [her].'" *United States v. Miller*, 531 F.3d 340, 348 (6th Cir. 2008), quoting *Drope v. Missouri*, 420 U.S. 162, 172, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975). The "bar for incompetency is high," and "a defendant is not rendered incompetent to stand trial merely because [she] cannot get along with counsel or disapproves of counsel's performance." *Id.* at 349–350. In reaching its decision regarding a defendant's competency, the court may consider several factors, including "evidence of a defendant's irrational behavior, demeanor at trial, and any prior medical opinion on competence to stand trial." *United States v. Wilson*, 402 F. App'x 69, 74 (6th Cir. 2010), quoting *Miller*, 531 F.3d at 348.

Here, as neither party offered testimony or other evidence, the Court relies upon the report authored by Drs. Schumacher and Seaton following Edwards' evaluation at FDC Miami.

---

[1] There is a split among the circuits regarding which party bears the burden under the § 4241 framework. *United States v. Bratcher*, No. 6:21-CR-46-CHB-HAI, 2022 U.S. Dist. LEXIS 78204, at *3 (E.D. Ky. Apr. 22, 2022) (citing United States v. Carter, No. 1:12-CR-29, 2013 U.S. Dist. LEXIS 177382, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013)). However, as both parties have stipulated to the evaluators' report and its findings, the Court need not resolve which party carries the burden. *See id.* (citing *Medina v. California*, 505 U.S. 427, 449 (1992)).

The report is a comprehensive assessment of Edwards' mental and psychiatric condition during the evaluation period. It expounds upon numerous episodes of irritability, paranoia, and evasiveness that informed the evaluators' ultimate finding that Edwards currently displays symptomology that will seriously impact her rational understanding of the charge against her and the legal process in general.

The evaluators concluded that Edwards suffers from a "severe mental disorder" that interferes with her "factual and rational understanding of the legal process" in addition to her ability to assist counsel in preparing her own defense. [R. 25 at pg. 1]. During Edwards' examination between February 20, 2023 and April 11, 2023, the evaluators noted her general refusal to participate in evaluation procedures. [*Id.* at pg. 4]. They noted she was unwilling to participate in all assessments and procedures designed to assess her level of functioning, that she did not cooperate with staff, and, notably, "exhibited paranoid perceptions" that limited her ability to engage in the interview process with staff members meaningfully. [*Id.* at pg. 5].

The evaluators noted the lack of psychiatric history available during the evaluation, including Edwards' denial of mental health diagnoses or treatment. [*Id.*]. Edwards did report being "taken" to Eastern State Hospital about 15 years ago but stated she was not formally committed to the facility. [*Id.*]. While she stated she was unaware of being diagnosed with any mental health disorder, Edwards did acknowledge being prescribed medication. [*Id.*]. The evaluators attempted to obtain copies of psychiatric and mental health records but were informed that such records were unavailable during the evaluation period. [*Id.*].

While in transit to FDC Miami, the evaluators noted that Edwards reported to FCI Tallahassee staff members that she had an "acute psychiatric hospitalization" in 2019 after an interaction with her son and "due to 'being too emotional.'" [*Id.*]. In all, she denied having current mental health concerns. However, the following day, Edwards was seen for a Suicide Risk

Assessment after telling officials, regarding her peers, that she "would rather die than see their faces." [*Id.* at pg. 7]. However, during the assessment, she denied suicidality and the staff members determined Suicide Watch was not warranted. The evaluators noted that Edwards was easily agitated and "repeatedly espoused unverified concerns for her safety." [*Id.* at pg. 8]. Edwards was the subject of an incident report after she entered an officer's station without permission, was asked to leave the area, and responded by throwing "rags" at the officer's head. [*Id.*]. As a result of this incident, she was placed in the facility's Special Housing Unit.

Edwards also evinced an irritable mood, poor attention and concentration, and a persistent refusal to engage in psychological testing. [*Id.* at pg. 8–9]. Clinical Encounter notes on March 28, 2023 noted that Edwards was "delusional" and refused to eat because she believed the food would "hurt her." [*Id.* at pg. 9]. She missed nine meals, resulting in a loss of 8 pounds in approximately 6 days. [*Id.*]. Two days later, she was transferred to a community hospital and was treated for hypernatremia and hyperosmolality due to dehydration. During her stay, the community hospital assigned Edwards a diagnosis of Delusional Disorder and assigned antipsychotic and antidepressant drugs. She returned to the facility on April 5, 2023 and was provided supplements to promote her recovery, but she was "minimally compliant" with taking such supplements.

Upon return and while undergoing psychiatric treatment, Edwards was referred to Dr. Aida Franco-Julian. During treatment, the evaluators noted that Edwards was a "poor historian" and was "difficult to engage in collaborative discussion." [*Id.*]. She exhibited rapid speech, and her ability to remain on any topic was described as "grossly impaired." [*Id.* at pg. 9–10]. She was initially given a diagnosis of Paranoid Personality Disorder due to the lack of mental health records to ascertain the etiology or onset of Edwards' symptoms. [*Id.* at pg. 10]. During her encounters with Dr. Franco-Julian, Edwards was described as "paranoid, agitated, loud, and irrational." [*Id.*].

The evaluators noted that Edwards "lacked or did not have the decision-making capacity to give informed consent" for the treatment and was ultimately deemed non-compliant with her prescribed psychiatric medication regimen. [*Id.*]

During Edwards' mental health treatment, she also "demonstrated paranoia, heightened aggression, and appeared to be frantic." [*Id.*]. For instance, Edwards reported that she had a physical altercation with a cellmate, who put her in a chokehold and accused her of bringing bugs into the cell. Edwards was examined and staff did not observe physical signs of an altercation. [*Id.* at pg. 11]. Based on the evaluators' observations during the evaluation period and consultation with Edwards' defense counsel, the evaluators determined that Edwards' behavior is "suggestive of longstanding paranoia directed at others." [*Id.* at pg. 10]. The evaluators noted that her paranoia contributed to her unpredictable affect, which resulted in "agitation and hostility toward others." [*Id.*]. Based on the foregoing, the evaluators concluded that Edwards meets the criteria for classification under the current system of diagnostic psychiatric disorders. They noted, however, that past psychiatric and mental health records were unavailable during the evaluation period. Accordingly, they assigned the diagnoses of Unspecified Schizophrenia Spectrum and Other Psychotic Disorder to communicate the degree of diagnostic uncertainty. [*Id.* at pg. 12].

Drs. Schumacher and Seaton accurately applied 18 U.S.C. § 4241(a) to determine that Edwards is not currently competent to stand trial. While the evaluators found Edwards demonstrated an ability to understand the roles of courtroom personnel and legal procedures, she was "evasive and largely uncooperative," "unable to identify her current legal charges," and was "unreceptive to prompts to clarify statements posed" when asked about her case. [*Id.* at pg. 12–13]. They found that Edwards is actively exhibiting symptoms of a severe mental illness that impacts her rational understanding of the legal process and that will interfere with her ability to assist her own defense. [*Id.* at pg. 13]. The evaluators recommended that Edwards undergo

additional psychiatric assessments to restore her competency to stand trial but that her current performance is consistent with individuals who are incompetent to proceed.  [*Id.*].

The conclusions regarding Edwards' current lack of rational understanding of the charges against her and the symptomology that will interfere with the ability to consult her lawyer to defend against such charges are critical to the Court's analysis.  *Dusky v. United States*, 362 U.S. 402, 402, 80 S. Ct. 788, 789 (1960).  The report details numerous episodes during the evaluation period that support the evaluators' conclusions that Edwards' degree of paranoia and evasiveness could seriously interfere with her ability to understand legal matters relating to her charges or have a collaborative relationship with her attorney.  Based on the report, and lacking any evidence to the contrary, the undersigned finds by a preponderance of the evidence that Edwards lacks sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding and assist in her defense.  *United States v. Miller*, 531 F.3d 340, 348 (6th Cir. 2008) (quoting *Drope v. Missouri*, 420 U.S. 162, 172 (1975)).

As a result, the Court, upon consideration of the record in this action, RECOMMENDS that in accordance with 18 U.S.C. § 4241(d) Leslie Marie Edwards be committed to the custody of the Attorney General.  The Attorney General shall hospitalize the defendant for treatment in a suitable facility (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future she will attain the capacity to permit the proceedings to go forward.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition.  Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived.  *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir.

1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(1).

Signed May 8, 2023.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge